IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MATTHEW SCOTT SIMPSON,<br><br>Petitioner,<br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C § 2255<br><br><br><br><br><br>Civil Case No. 2:12-CV-204 TS<br><br>Criminal Case No. 2:08-CR-733 TS |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny Petitioner's § 2255 Motion, but will grant Petitioner's request to amend the Judgment to include a recommendation for the RDAP program, pursuant to Fed.R.Crim.P. 36.

I. BACKGROUND

Petitioner was named in a one-count Indictment on October 29, 2008, charging him with possession of methamphetamine with intent to distribute. On April 28, 2010, Petitioner pleaded

1

guilty pursuant to Fed.R.Crim.P. 11(c)(1)(C).[1]  At the change of plea hearing, the following

exchange took place between counsel for Petitioner, counsel for the government, and the

Magistrate Judge:

> MR. GORDON [Petitioner's counsel]: There's one thing, and maybe my memory
> is wrong on this, and I don't know that it has to be included in the agreement, but
> for the sake of completion I will just make a record of this.  It's my understanding
> that part of the agreement was that the government would agree to recommend
> that Mr. Simpson receive credit for the two years, roughly, that he's already
> served on this case.
> MR. KOHLER [Petitioner's counsel]: No objection to that, Your Honor.
> THE COURT: All right.  So that should be noted for the record.[2]

On August 2, 2010, Petitioner was sentenced to 90 months imprisonment, in compliance

with the Rule 11(c)(1)(C) plea agreement.  At sentencing, Petitioner's counsel requested that

Petitioner be considered for drug treatment.[3]  The government indicated that it had no objection

to Petitioner's request to participate in a drug treatment program.[4]  Upon pronouncing its

sentence, the Court stated that it "will make a strong recommendation that [Petitioner] be

enrolled in the RDAP program."[5]

---

[1]Petitioner's plea agreement contained a waiver of his right to bring a motion under §
2255.  However, because the government has not sought to enforce that waiver, the Court will
consider Petitioner's claims on the merits.

[2]Criminal Case No. 2:08-CR-733 TS, Docket No. 111, at 5-6.

[3]*Id*., Docket No. 113, at 5.

[4]*Id*. at 7.

[5]*Id*. at 10.

Judgment was entered on August 9, 2010. Despite the Court's statements concerning RDAP at the sentencing hearing, the Judgment did not contain any recommendations to the Bureau of Prisons.[6]

Petitioner sought direct appeal. The Tenth Circuit Court of Appeals dismissed Petitioner's appeal and issued its mandate on September 13, 2011.

On September 19, 2011, Petitioner filed a Petition for Resentencing and Order Requiring Probation Department to Amend the Defendant's Presentence Report so it Conforms to the Facts. On November 2, 2011, the Court issued an order stating that Petitioner should bring the claims brought in his Petition in a motion under 28 U.S.C. § 2241, to be filed in the district in which he was confined.

Petitioner followed the directive of the Court and filed a § 2241 motion in the Central District of California (the "California Court"). However, during the litigation of Petitioner § 2241 motion, Petitioner clarified his claims such that the California Court found that they should be brought in a § 2255 motion before this Court. As a result, the California Court transferred this action.

This Court then issued an Order stating that it would construe Petitioner's request as a § 2255 motion and provided a § 2255 pleading packet. Petitioner provided the instant Motion to the Court on March 30, 2012. The government has since responded and Petitioner has filed a reply.

---

[6]*Id.*, Docket No. 95, at 2.

## II.  DISCUSSION

Petitioner raises two arguments in his Motion: (1) that the government breached the plea agreement; and (2) that the Judgment should be amended.

A.      BREACH OF THE PLEA AGREEMENT

Petitioner first argues that the government has breached its agreement concerning Petitioner's receipt of credit for the time he spent in prison between his arrest and his sentencing hearing.

As the party asserting a breach of the plea agreement, Petitioner must prove the underlying facts that establish the breach by a preponderance of the evidence.[7]  In order to determine whether the government failed to fulfill its promises, the Court must "(1) examine the nature of the promise; and (2) evaluate the promise in light of the defendant's reasonable understanding of the promise at the time of the guilty plea."[8]

As set forth above, at the change of plea hearing the government stated that it had no objection to Petitioner's request for credit for time served.  In response to Petitioner's Motion, the government "maintains the same position.  That is, it has no objection to Simpson receiving credit for the time he spent in prison between his arrest and his sentencing hearing."[9]

Petitioner argues that this language from the government has created an agreement that Petitioner would receive credit for time served and that, since he has not, the government has

---

[7]*Allen v. Hadden*, 57 F.3d 1529, 1534 (10th Cir. 1995).

[8]*United States v. Guzman*, 318 F.3d 1191, 1195-96 (10th Cir. 2003).

[9]Docket No. 14, at 3.

breached the plea agreement.  The Court disagrees with Petitioner's assessment and cannot find

that the government breached the plea agreement.  The agreement was not, as Petitioner suggests,

that he would, in fact, receive credit for time served.  Rather, the government merely stated that it

had no objection to Petitioner's request for such credit.  The government has never advocated a

different position.  Therefore, the Court cannot find that the government failed to fulfill any

promise to Petitioner.[10]

Further, the government could not agree that Petitioner would receive credit for the time

he had already served.  As stated by this Court previously, the determination of sentence credit is

a matter left to the Bureau of Prisons.[11]  Therefore, the Court must reject this argument.

B.      THE JUDGMENT

Petitioner next takes issue with the Judgment.  As stated, Petitioner's counsel requested,

and the Court agreed to make, a recommendation that Petitioner be considered for the RDAP

Program.  That recommendation, however, was inadvertently left out of the Judgment.

Therefore, pursuant to Fed.R.Crim.P. 36, the Court will amend the Judgment to include a

recommendation that Petitioner be considered for the RDAP Program.

---

[10]*See United States v. Tremble*, 266 F. App'x 749, 752 (10th Cir. 2008) (stating that the government did not breach an agreement to recommend credit for time served where "[a]t no time did the government advocate for a sentence contrary to that which it had conceded earlier").

[11]18 U.S.C. § 3585(b).

## III. CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:12-CV-204 TS) is DENIED. However, the Court will enter an Amended Judgment reflecting the Court's recommendation that Petitioner be allowed to participate in the RDAP program. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required. It is further

ORDERED that, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

The Clerk of Court is directed to close Case No. 2:12-CV-204 TS forthwith.

DATED   October 9, 2012.

BY THE COURT:

_____

TED STEWART
United States District Judge